# Hoff et ux. *versus* Koerper.

1. A joint purchase of necessaries by husband and wife is regarded in law as the contract of the husband alone; book entries, charging the goods to them jointly, are presumptive evidence of a sale on his credit.

2. To recover against the separate estate of a married woman on a book-entry of "sundries" sold and delivered to her, it must appear affirmatively that the articles were necessaries within the meaning of the Married Woman's Act, contracted for by her in her own name and on the credit of her separate estate.

3. Where A., a shop-keeper, directed his clerk not to deliver any goods to C., the wife of B., unless they were charged to the joint account of B. and C., and the clerk mentioned this direction to C., who replied "all right:" *Held*, not to be sufficient evidence to charge C.'s separate estate, and the question of its liability should have been withdrawn from the jury.

[Hoff *v.* Koerper.]

April 19th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county:* Of July Term 1882, No. 171.

Case, by Peter Koerper against William Hoff and Esther, his wife, to recover the value of goods sold and delivered to defendants. The narr. averred that the articles were contracted for by the said Esther Hoff and were necessary for the support of her family. Pleas, non-assumpsit, payment, with leave, etc., and coverture as to Esther Hoff.

On the trial, before BECHTEL, J., the plaintiff produced a ledger containing entries charging the defendants jointly for goods. These entries had been taken daily from the blotters and entered in the ledger by Nicholas Lauer, the plantiff's clerk. The blotters were not produced. With the exception of a few items for dry-goods, the entries were in lumping amounts for "sundries." Lauer could not testify as to the character of these "sundries." They were delivered sometimes to Hoff, and at other times to his wife and charged to their joint account at the direction of Koerper. The witness testified that the first time Mrs. Hoff came to the store he mentioned the order of Koerper to "give no goods to Mrs. Hoff unless you charge them to Hoff and to his wife," and that Mrs. Hoff replied: "All recht," meaning "all right." This was denied by Mrs. Hoff.

The court refused to charge the jury, as requested by defendants, that under all the evidence the verdict must be for the defendants, and left to the jury the question whether the evidence established a contract on the part of Mrs. Hoff to pay for necessaries out of her separate estate.

Verdict for the plaintiff for $90.60 and judgment thereon. The defendants took this writ of error, assigning for error the action of the court in refusing their point and in charging the jury as above.

*John W. Ryon* (with him *James Ryon*), for plaintiffs in error, cited Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251; Cummings *v.* Miller, 3 Grant 146; Berger *v.* Clark, 29 P. F. S. 340; Sawtelle's Appeal, 3 Norris 306.

*Hughes & Farquhar*, for defendant in error, cited Rigoney *v.* Neiman, 23 P. F. S. 330.

Mr. Justice STERRETT delivered the opinion of the court, May 7th 1883.

The jury were properly instructed by the learned judge that the plaintiff could not recover without proving to their satis-

[Hoff *v.* Koerper.]

faction that the goods in question were purchased by the wife, not as her husband's agent, but on her own account, and also that the articles were necessary for the support of the family of the husband and wife, defendants below. As was said in Berger *v.* Clark, 29 P. F. Smith 340, 345, "It is a necessary consequence of the decided cases that she must contract in her own behalf. The evidence must as clearly prove this as the pleadings must aver it. The primary presumption, when a wife takes up necessaries for the family of her husband and herself, is that she is acting as his messenger or agent, for on him lies the primary duty of furnishing and paying for them. The evidence must overcome this presumption and satisfy the jury that she is acting in her own right in order to bind her separate estate." A joint purchase of necessaries by husband and wife is regarded in law as the contract of the husband alone ; and, while book entries, charging the goods to them jointly, are presumptive evidence of a sale on his credit, they are not conclusive of that fact. It may nevertheless be shown that they were purchased by the wife and on her credit : Rigoney *v.* Neiman, 23 P. F. Smith 330. The Act enables the wife to bind her separate estate for necessaries, but the very essence of her liability is that they were furnished at her request and on her credit. If not so furnished, her separate estate cannot be made liable : Sawtelle's Appeal, 3 Norris 306, 311. Hence it follows, that, if the evidence was not such as to bring the case within the principles above stated and justify the submission of the essential facts to the jury, the defendants' second point, requesting the court to charge that, " upon all the evidence in the case the verdict of the jury must be for the defendants," should have been affirmed.

In plaintiff's books, the goods were charged to " William Hoff and Esther Hoff," the plaintiffs in error, and the presumption arising therefrom was that they were purchased by them jointly. Was there any evidence to rebut that presumption, and warrant the jury in finding that Mrs. Hoff purchased them on her own credit? We think not. The plaintiff below testified that he had no personal knowledge as to how or to whom the goods were sold. He was not in the store ; Mr. Lauer attended to the business for him. The learned judge says the plaintiff "does not claim to have any knowledge on the subject of how these goods were sold. He makes no claim to have sold them on the credit of Mrs. Hoff, any further than what may appear, if it appears at all, in the testimony of Nicholas Lauer, the clerk in the store." Lauer testified in substance that he made no bargain with Mrs. Hoff ; that he had been instructed by Mr. Koerper not to give her any goods without charging them to her and her husband, and when she

[Hoff v. Koerper.]

came to the store he informed her "that the goods had to be charged to her and William, because Mr. Koerper gave orders to that effect;" to which her only reply was, "all recht," meaning all right. He did not inform her why the goods had to be charged to her husband and herself jointly, further than to say that such was Mr. Koerper's order. He does not pretend to say that she made the purchases on her own credit, or that the goods were so furnished to her. Instead of proving, or even tending to prove, that the debt was contracted by the wife in her own name and on the credit of her separate estate, the testimony tended strongly to establish the contrary. But, it was insufficient also in other respects. With the exception of a few items, the entries in the ledger (the only book given in evidence) were "sundries," without in any manner indicating the articles of which these lumping charges were respectively composed. Referring to charges of, "pants $11, vest $4.50," and a few small items amounting to four or five dollars more, the witness, Mr. Lauer, said "these entries were made separately; the rest of them were made in quantity, as sundries, sundry goods." . . "They were notions, dry-goods, most of them; there were too many items to carry into the ledger and I put them down, as sundries, from the blotters." In the absence of the blotters, it was impossible for him to say what the articles were, or by whom they were purchased; and if he could not state, except in that general and indefinite way, what the articles were, how could the jury determine whether they were necessaries or not? He did remember, however, that the pants and vest, separately charged as above stated, had been returned and credited to defendants below. The remaining charges, with the exception of a few trifling articles, were "sundries," and "sundry goods," but of what these consisted did not sufficiently appear. Assuming that the non-production of the blotters was sufficiently accounted for, the plaintiff was not thereby relieved from the necessity of proving the sale and delivery of the goods, and that they were necessaries within the meaning of the Married Woman's act.

Waiving all objections to the admissibility of the testimony we think it was clearly insufficient to sustain the essential averments of the declaration that the alleged indebtedness was contracted by the wife and incurred for articles necessary for the support and maintenance of the family, and hence the case should have been withdrawn from the consideration of the jury by instructing them, as requested in defendants' second point, that upon all the evidence their verdict should be for the defendants.

Judgment reversed.